# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

*VIA ECF*

July 8, 2026

Re: 25-cv-0598, *Ndapah Epse Mosoh v. Noem et al.*

## LETTER ORDER

On March 29, 2019, Plaintiff Anettee Wopeng Ndapah Epse Mosoh ("Mosoh") filed a Form I-589 Application for Asylum and for Withholding of Removal with the Arlington Asylum Office. ECF No. 1 ¶ 14. Nearly six years later, on February 24, 2025, Mosoh filed suit asking the Court to invoke its power under the Mandamus Act, 28 U.S.C. §§ 1361 & 1651, to compel United States Citizenship and Immigration Services ("USCIS")'s adjudication, and to declare that continued USCIS inaction amounts to a violation of the Administrative Procedure Act, 5 U.S.C. §§ 555 & 701 ("APA"). ECF No. 1 ¶¶ 30–49. On April 22, 2026, USCIS adjudicated the petition, finding Mosoh ineligible for asylum. ECF No. 9. Accordingly, Mosoh has been afforded the injunctive relief she has sought under the Mandamus Act to compel timely adjudication of her petition. Count I is dismissed without prejudice as moot.

Regarding her APA claims, the Court lacks the power under the APA to compel, and thus declare as unlawful, agency action that is "committed to agency discretion by law." *Debela v. Donis*, No. 25-CV-0234-ABA, 2026 WL 696539, at *2 (D. Md. Mar. 12, 2026) (collecting cases). *See also* 5 U.S.C. § 701(a). The relevant asylum provision sets out no clear statutory duty on USCIS's part to adjudicate the asylum petition within a set time frame. Although 8 U.S.C. § 1158(d)(5)(A)(iii) states that "in the absence of exceptional circumstances," asylum applications "shall be completed within 180 days," Congress also made clear that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7). Further, without a private right of action, no "'non-discretionary duty [is] owed to asylum applicants to adjudicate applications within a specified timeframe.'" *Debela*, 2026 WL 696539, at *2 (quoting *Noumbissie v. Garland*, No. 22-CV-3357-RDB, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023)). *See also Bermegi v. Donis*, No. 25-CV-00889-LKG, 2026 WL 123903, at *3 (D. Md. Jan. 16, 2026) ("Because there is no private right of action under Section 1158 . . . , the Plaintiff has not shown that the Defendants owe him a 'clear duty' to complete the adjudication of his asylum application within the timeframe set forth in Section 1158.") (citing *Noumbissie*, 2023 WL 8600510, at *2); *Tawah v. Mayorkas*, No. 8:23-CV-2920-TJS, 2024 WL 2155060, at *2 (D.

Md. May 14, 2024) (same); *Martynenko v. Donis*, No.24-CV-02218-LKG, 2025 WL 1685667, at *4 (D. Md. June 16, 2025) (same).

Because the 180-day adjudication time is discretionary, and the APA does not otherwise confer judicial review of the agency action, the Court lacks jurisdiction to review the claims. Where the Court lacks jurisdiction, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) must be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).[1] Counts II & III are dismissed without prejudice for lack of jurisdiction.

Based on the foregoing, the Court hereby DISMISSES the Complaint without prejudice and DIRECTS the Clerk to CLOSE the case. Despite the informal nature of this correspondence, it is an ORDER of the Court and must be docketed as such.

Sincerely,

/s/

Paula Xinis
United States District Judge

[1] Even had USCIS not yet adjudicated Mosoh's petition, the Court would also dismiss Mosoh's Mandamus Act claims for lack of jurisdiction. Like the APA, under the Mandamus Act, the Court retains original jurisdiction only to compel a federal officer or agency "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Accordingly, the Court may consider exercising its mandamus powers solely related to Defendants' performance of mandatory or ministerial duties. *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *see also Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). As already explained *supra*, USCIS' timely adjudication of an asylum petition is a non-discretionary duty.